OPINION
{¶ 1} Quill Vanover is appealing from his conviction and the imposed sentence of a total of eight years incarceration following his plea of guilty to bribery, a felony of the third degree, and guilty to intimidation of a witness, a felony of the third degree. Appellant also agreed to a sentence of eight years incarceration at the Ohio Penitentiary, combining five years on the bribery charge and three years on the intimidation charge to run consecutively.
 {¶ 2} The plea was the result of a plea agreement with the State wherein the State dismissed prior charges of having a weapon under disability, domestic violence, aggravated menacing, and kidnapping, all stemming from the same general incident with his ex-wife.
 {¶ 3} His appointed counsel on appeal originally filed an Ander's
brief, but upon being advised that he was able to file a subsequent brief Vanover obtained is own counsel who after repeated delays granted by this court filed a merit brief alleging the following assignments of error:
 {¶ 4} "The defendant-appellant was denied due process of law by the trial court because it failed to substantially comply with criminal procedural rule 11.
 {¶ 5} "The trial court erred to defendant-appellant's prejudice in sentencing him to serve his sentences consecutively because it did not state its reasons for the statutory findings."
 {¶ 6} Under his first assignment of error the defendant argues his plea agreement was not knowing and voluntary because he had not been advised by the trial court that an essential element of the intimidation of a witness charge was that he had to have done it "knowingly." We find merit in this assignment not only for the reason that Quill was not advised of the knowingly element of the charge but we find that the indictment itself omits that essential element of the offense — the required mens rea — "knowingly" in this case. R.C. 2921.04(B). We find the indictment itself to be basically defective for that reason and defendant cannot be found guilty because the plea was not knowingly and voluntarily made. See, State v. Adams (1980), 62 Ohio St.2d 151, 16 Ohio Op.3d 169.
 {¶ 7} The bribery charge also should be set aside since his plea agreement to it is tainted by his lack of knowingly agreeing to the intimidation of witness charge.
 {¶ 8} The plea agreement is set aside and the sentences are vacated. The issue of whether the indictment can be amended at this late date or the prosecution has to reindict and proceed under a new proper indictment is not before this court at this time.
Judgment reversed and this case is remanded for further proceedings consistent with this opinion.
Wolff, J., and Grady, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)