LINGO ET AL.; GLICK, APPELLANT, *v.* THE STATE OF OHIO ET AL.;

WOHL, CLERK, APPELLEE.

[Cite as *Lingo v. State,* 138 Ohio St.3d 427, 2014-Ohio-1052.]

*Courts—Judgments—Declaratory judgment is not proper vehicle for determining whether previously adjudicated rights were properly adjudicated—Court of common pleas may not vacate judgment of municipal court—Void judgments may be attacked at any time—A court has inherent authority to vacate its own void judgments.*

(No. 2012-1774—Submitted September 10, 2013—Decided March 25, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 97537, 2012-Ohio-2391.

_____

**SYLLABUS OF THE COURT**

1. Declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated.

2. A void judgment is a nullity and open to collateral attack at any time.

3. A court has the inherent authority to vacate its own void judgments.

4. A court of common pleas has no power to vacate an order rendered by a municipal court.

_____

**O'CONNOR, C.J.**

{¶ 1} This is an appeal that originated from a class action filed in the Cuyahoga County Court of Common Pleas by Michael A. Lingo, William C. Glick, and Gregory B. Williams against the state of Ohio, the Ohio Department of the Treasury, and Raymond J. Wohl, in his official capacity as the clerk of the Berea Municipal Court. The cause has reached this court with Glick and Wohl as

the only remaining parties. In this appeal, we examine whether a class action may be maintained in a common pleas court seeking declaratory and equitable relief related to unappealed municipal court sentences alleged to be void for imposing unlawfully excessive court costs. We hold that such an action may not be maintained.

{¶ 2} Upon determining that Glick's class action against Wohl was viable, the common pleas court declared that multiple costs assessed against Glick as part of his sentence had been unlawful, ordered Wohl to refund a portion of the costs that Glick had paid to the municipal court, and held that class members who had been assessed one or more of the unlawful costs were also owed a refund. The Eighth District Court of Appeals disagreed that the class action was viable, reversed the judgment, and ordered the common pleas court to grant summary judgment in favor of Wohl.

{¶ 3} We affirm the appellate court's judgment, albeit for different reasons than those articulated in the appellate court's opinion. We conclude that the relief requested by appellant, Glick, in his class action was in substance a request to vacate a portion of a judgment of the Berea Municipal Court. Because a court of common pleas has no power to vacate an order rendered by a municipal court, summary judgment should have been granted in favor of appellee, Wohl.

## RELEVANT BACKGROUND

### William Glick's Municipal Court Proceedings

{¶ 4} In August 2004, a Middleburg Heights police officer cited Glick for weaving and for operating a motor vehicle under the influence of alcohol. Under the terms of a plea agreement, Glick agreed to plead guilty to reckless operation and to pay court costs.

{¶ 5} The Berea Municipal Court judge accepted Glick's plea, dismissed the weaving charge at Glick's cost, and convicted him of reckless operation. On

April 15, 2005, the municipal court judge imposed Glick's sentence, including costs and a $450 fine.

{¶ 6} As provided by the Berea Municipal Court Loc.R. 5(A), the court periodically establishes a schedule of costs. The court's cost schedule is entered into the court's case-management software program by the clerk's office. Pursuant to the court's direction, the software is programmed to assess state costs once per case and municipal and general court costs once per offense charged. The schedule of costs applicable at the time of Glick's sentencing was established by the municipal court in a January 3, 2005 journal entry.

{¶ 7} Glick was required to pay $427 in costs related to the reckless-operation conviction and $83 in costs for the dismissal of the weaving charge, for a total of $510 in costs. Directly after sentencing, the clerk's office informed Glick that the total amount due for the fine and costs was $960. Glick immediately paid in cash, and the clerk's office issued an itemized receipt. Glick reviewed his receipt and was puzzled that he had been made to pay court costs for the dismissed weaving charge. However, Glick did not appeal his conviction or sentence.

**A Class Action for Declaratory, Injunctive, and Restitution Relief**

{¶ 8} On June 8, 2005, Glick, Lingo, and Williams ("the plaintiffs") filed a class action in the Cuyahoga County Court of Common Pleas, naming the state of Ohio as the sole defendant. The complaint alleged that all three plaintiffs had paid court costs associated with traffic violations, Lingo in the Parma Municipal Court in December 2004, Williams in the Rocky River Municipal Court in October 2004, and Glick in the Berea Municipal Court in April 2005. The plaintiffs alleged that in each case, the municipal court assessed costs for each

offense instead of once per case, in violation of R.C. 2743.70(A)(1)[1] and 2949.091(A),[2] as well as other unidentified provisions of state law.

{¶ 9} The complaint further alleged that the state of Ohio authorized, facilitated, and benefitted from this unlawful practice. The plaintiffs purported to bring the complaint on behalf of all persons who had paid improperly calculated court costs in any Ohio municipal, county, or mayor's court ("statutory courts") during the ten years prior to the filing of the complaint.

{¶ 10} The plaintiffs requested a declaration that court costs may be assessed only once per case rather than once per charge, that the statutory courts had subjected the plaintiffs and members of the class to illegal assessments of

---

1. R.C. 2743.70 mandates the assessment of costs in order to fund reparations payments to crime victims. R.C. 2743.70 provides:

> (A)(1) The court, in which any person is convicted of or pleads guilty to any offense other than a traffic offense that is not a moving violation, shall impose the following sum as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender:
> (a) Thirty dollars, if the offense is a felony;
> (b) Nine dollars, if the offense is a misdemeanor.
> The court shall not waive the payment of the thirty or nine dollars court costs, unless the court determines that the offender is indigent and waives the payment of all court costs imposed upon the indigent offender. All such moneys shall be transmitted on the first business day of each month by the clerk of the court to the treasurer of state and deposited by the treasurer in the reparations fund.

2. R.C. 2949.091 mandates the assessment of costs for the Ohio general revenue fund. The version of R.C. 2949.091 in effect at the time of Glick's charges provided:

> (A)(1) The court, in which any person is convicted of or pleads guilty to any offense other than a traffic offense that is not a moving violation, shall impose the sum of fifteen dollars as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender. All such moneys collected during a month shall be transmitted on or before the twentieth day of the following month by the clerk of the court to the treasurer of state and deposited by the treasurer of state into the general revenue fund. The court shall not waive the payment of the additional fifteen dollars court costs, unless the court determines that the offender is indigent and waives the payment of all court costs imposed upon the indigent offender.

150 Ohio Laws, Part I, 936-937.

costs, and that the class had a right to receive a full refund of those costs. The plaintiffs further requested that the common pleas court permanently enjoin the state from allowing any statutory court to collect court costs per offense in any case. Finally, the plaintiffs requested that the common pleas court order the state to disgorge all illegally assessed costs.

{¶ 11} The plaintiffs later filed a motion for class certification, proposing that the class be defined as "all individuals who paid court costs on or after June 8, 1995 that were improperly calculated on the basis of the number of offenses charged in proceedings before any Ohio municipal court, county court, or mayor's court."

{¶ 12} The plaintiffs filed an amended complaint in September 2006, adding the Ohio Department of the Treasury and appellee, Raymond J. Wohl, Clerk of the Berea Municipal Court, as defendants. The plaintiffs did not add the clerks of the municipal courts in which Lingo and Williams had been sentenced, nor did they name any of the courts or judges. The amended complaint largely repeated the allegations of the original complaint, but additionally asserted that several statutory courts and clerks of court, including Wohl, had transferred portions of the unlawfully collected costs to the state of Ohio and requested equitable disgorgement from all three defendants.

**The Answers and Motions for Summary Judgment**

{¶ 13} Wohl admitted in his answer that the office of the clerk of the Berea Municipal Court collects costs from defendants pursuant to the court's orders and cost schedules, but denied that the Berea Municipal Court assessed the costs authorized by R.C. 2743.70(A) and 2949.091(A) more than once in any case. Wohl admitted that the municipal court assessed various other costs for each offense charged in a case and asserted that the practice was permitted by

R.C. 1901.26.[3]  Wohl asserted a number of defenses, including res judicata and failure to name indispensable parties.

{¶ 14} The state and treasurer also asserted numerous defenses in their answers and motions, including lack of a live justiciable controversy between the parties named, lack of subject-matter jurisdiction, and failure to name all necessary parties.  The state entities moved for summary judgment, attaching evidence showing that the courts had assessed only one fee per case for the Ohio general revenue fund, in compliance with R.C. 2949.091(A), and only one fee per case for the Ohio victims-of-crime reparations fund, in compliance with R.C. 2743.70(A), against each of the plaintiffs.

---

3. R.C. 1901.26 governs the assessment of court costs by a municipal court.  The version of R.C. 1901.26 in effect at the time of Glick's sentence provided:

> (A) [C]osts in a municipal court shall be fixed and taxed as follows:
>
> (1) The municipal court * * * shall establish a schedule of fees and costs to be taxed in any civil or criminal action or proceeding.
>
> * * *
>
> (B)(1) The municipal court may determine that, for the efficient operation of the court, additional funds are necessary to acquire and pay for special projects of the court including, but not limited to, the acquisition of additional facilities or the rehabilitation of existing facilities, the acquisition of equipment, the hiring and training of staff, community service programs, mediation or dispute resolution services, the employment of magistrates, the training and education of judges, acting judges, and magistrates, and other related services. Upon that determination, the court by rule may charge a fee, in addition to all other court costs, on the filing of each criminal cause, civil action or proceeding, or judgment by confession.
>
> * * *
>
> (2) As used in division (B) of this section:
>
> (a) "Criminal cause" means a charge alleging the violation of a statute or ordinance, or subsection of a statute or ordinance, that requires a separate finding of fact or a separate plea before disposition and of which the defendant may be found guilty, whether filed as part of a multiple charge on a single summons, citation, or complaint or as a separate charge on a single summons, citation, or complaint. "Criminal cause" does not include separate violations of the same statute or ordinance, or subsection of the same statute or ordinance, unless each charge is filed on a separate summons, citation, or complaint.

149 Ohio Laws, Part III, 4464-4466.

**{¶ 15}** In December 2006, Wohl filed a motion for summary judgment. The following month, he filed a memorandum in opposition to class certification. Wohl primarily asserted that the plaintiffs were seeking to relitigate final judgments that were never directly appealed and asking the court of common pleas to vacate a portion of those municipal court judgments. In addition, Wohl argued that alleged violators of a criminal statute may not pursue an equitable action asking a court to interfere with the enforcement of that statute, that no private cause of action exists under the statutes cited by the plaintiffs, and that statewide enforcement of statutes is a matter for the Ohio attorney general. Wohl maintained that the plaintiffs had an adequate remedy by way of appeal. Finally, Wohl suggested that the plaintiffs' completion of their sentences rendered any objection moot.

**{¶ 16}** In February 2007, the plaintiffs filed a cross-motion for summary judgment and a memorandum in opposition to Wohl's motion for summary judgment, presenting an array of arguments and counterarguments. First, they emphasized that they were seeking to rectify all forms of illegal cost collection committed by all statutory courts of Ohio. They specifically alleged that the Berea Municipal Court had impermissibly assessed costs against Glick on charges that were dismissed, in violation of R.C. 2947.23,[4] that the Berea court had improperly charged certain costs on the authority of journal entries rather than court rule, and that the court had assessed "special projects costs" at the wrong time during the proceedings, in violation of R.C. 1901.26.

---

4. R.C. 2947.23 requires courts in criminal cases to impose the costs of prosecution as part of a sentence. The version of R.C. 2947.23 in effect at the time of Glick's sentence provided:

> "(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs."

150 Ohio Laws, Part V, 8412.

{¶ 17} Next, the plaintiffs asserted that res judicata did not apply, because the court's erroneous assessment of costs rendered the judgments void and because equity should not require individual appeals when the expense would so heavily outweigh the costs being appealed.

{¶ 18} For the first time, the plaintiffs also alleged that Glick's sentencing entry did not order costs that were eventually charged to him and that therefore (1) those costs must have been assessed by the clerk rather than by the judge and (2) the entry gave Glick no opportunity to appeal the costs. The plaintiffs pointed to two 2006 newspaper articles wherein Wohl was quoted as saying that defendants at the Berea Municipal Court pay court costs on a per-charge basis and that he does not feel sorry for them, because the costs were the results of the defendants' bad decisions. The plaintiffs concluded that Wohl had gone rogue, assessing costs upon dismissed charges "to further his own agenda."

{¶ 19} The plaintiffs argued that declaratory relief is appropriate to resolve a disagreement over the interpretation of a statute, and restitution is appropriate in an action alleging the wrongful collection of funds by a state-government entity. The plaintiffs contended that they did not have an adequate remedy at law, because they could not have appealed their defective sentences, and even if they could have, the appellate process would be prohibitively expensive and an inefficient use of judicial resources.

{¶ 20} Finally, the plaintiffs argued that their claims were not barred or mooted by the fact that they had paid the disputed costs, because (1) the class action is not an appeal of the plaintiffs' sentences and (2) the voluntary payment of funds is no bar to an equitable action to disgorge funds wrongfully collected by the state.

**The Plaintiffs' Supplemental Motion for Class Certification and**

**Motion to Certify a Class of Defendants**

{¶ 21} In order to reconcile their proposed class definition with their new arguments, the plaintiffs filed a motion in February 2007 for an alternative class definition. This new definition provided more specifics about the unlawful cost-assessment practices alleged, including (1) the assessment of state costs for each offense rather than once per case, (2) the assessment of costs for offenses that did not result in convictions, (3) the assessment of "special projects costs" enacted by judgment entry rather than an amendment to court rules, and (4) the assessment of "special projects costs" when the costs are imposed at any time other than "on the filing of each criminal cause" as required by R.C. 1901.26(B)(1).

{¶ 22} In October 2007, the plaintiffs moved to certify a class of defendants, proposing that the defendant class be defined as "the clerks of every municipal, county, and mayor's court * * * who collected court costs" from any plaintiff class member "in excess of statutory authority on or after June 8, 1995."

**Judgment Rendered by the Common Pleas Court**

{¶ 23} The proceedings in the Cuyahoga County Court of Common Pleas lay dormant for almost four years—from December 2007 to November 2011. During that time, the parties filed notices of supplemental authority, including decisions from this court. *See, e.g.*, *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005 (holding that the costs of prosecution may be assessed only once per case pursuant to R.C. 2947.23, but that municipal special-projects fees may be assessed for each count in a case pursuant to R.C. 1901.26).

{¶ 24} On November 1, 2011, the common pleas court issued an omnibus decision. In it, the court (1) denied the motions to dismiss filed by the state and treasurer, (2) denied Wohl's motion to dismiss for lack of subject-matter jurisdiction, (3) granted the state and treasurer's motions for summary judgment,

(4) partially granted but primarily denied Wohl's motion for summary judgment, (5) partially denied and predominantly granted the plaintiffs' cross-motion for summary judgment but only as it applied to Glick, (6) denied the plaintiffs' motion to certify a defendant class, (7) modified the plaintiffs' amended motion for class certification in order to identify Glick as the sole class representative and to redefine the class as limited to individuals who paid improperly charged costs to the Berea Municipal Court, and (8) certified the class action as modified.

{¶ 25} The common pleas court approached the plaintiffs' action as one involving the unlawful assessment and collection of funds by the clerk of courts under the clerk's own authority, acting as an administrative officer. The court thereby compared the plaintiffs' action to previous equitable claims for restitution of improperly collected funds by administrative agencies such as the Ohio Bureaus of Motor Vehicles and Workers' Compensation. *See Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441; *Judy v. Ohio Bur. of Motor Vehicles*, 100 Ohio St.3d 122, 2003-Ohio-5277, 797 N.E.2d 45. The court rejected Wohl's argument that the plaintiffs were "essentially appealing" a municipal court judgment. The court conceded that if the plaintiffs had requested appellate review of municipal court judgment entries, the court would have no jurisdiction. Instead, the court addressed the merits, finding that Wohl was personally improperly assessing costs on his own authority. Because Wohl is an administrative officer, the court concluded that it had jurisdiction to review the propriety of his actions under Article IV, Section 4(B) of the Ohio Constitution.[5] However, the court went on to hold that "to the extent the Berea Municipal Court acted outside its jurisdiction in imposing costs, the order of costs was made without subject matter jurisdiction and is void *ab initio*." As a result,

---

5. Article IV, Section 4(B) of the Ohio Constitution provides, "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."

Glick's claim was not barred by res judicata, because a void judgment can be challenged at any time.

{¶ 26} The common pleas court found that the plaintiffs had failed to present any proof that any clerk had improperly assessed costs associated with state funds, and it therefore granted judgment to the defendants on all claims related to R.C. 2743.70(A) and 2949.091(A). Concluding that the state and the treasurer did not improperly collect or retain any funds from the plaintiffs, the court dismissed the state and treasurer from the case.

{¶ 27} Because Wohl was the sole remaining defendant in the action, the court considered the plaintiffs' cross-motion for summary judgment only as it applied to Glick. The court declared that a portion of the costs that Wohl had assessed against Glick violated R.C. 2947.23 and 1901.26 and that it had the authority to order the return of funds that were improperly collected by a governmental entity. Thus, it ordered Wohl, in his official capacity as the clerk of the Berea Municipal Court, to return $85 of the costs that he had improperly collected from Glick.

{¶ 28} In deciding to provide injunctive relief, the trial court found that it would be an inefficient use of court resources to require defendants to file appeals in each case that the Berea Municipal Court charges costs improperly and that the improper costs were not included in final sentencing entries. The trial court prohibited Wohl from assessing costs in violation of R.C. 1901.26 or 2947.23.

### Appeal to the Eighth District Court of Appeals

{¶ 29} Wohl asserted nine assignments of error on appeal. His central claims were that the common pleas court lacked subject-matter jurisdiction to provide the requested declaratory and equitable relief and that it had granted class certification erroneously. The Eighth District confined its analysis to the class-certification issue, which it considered to be dispositive.

{¶ 30} The court first held that costs are part of a final, appealable sentencing order and that the unlawful assessment of costs presents a voidable, rather than a void, act. Even when a judgment is void, the court held, "the remedy lies in a direct appeal, not a collateral attack on the judgment in a different court," and the common pleas court has no power to review a municipal court decision. 2012-Ohio-2391, ¶ 18, 22-23. Because the plaintiff class representatives had already paid the disputed costs and never pursued an appeal, their claims were defeated by the doctrines of res judicata and mootness. As a result, the plaintiffs' action did not involve a live controversy, and without a controversy, the court of common pleas had no subject-matter jurisdiction and, ultimately, no authority to certify the class action. The Eighth District therefore reversed the judgment and remanded the case to the common pleas court with instructions to vacate its judgment granting class certification and to grant Wohl's motion for summary judgment.

### This Court Grants Review

{¶ 31} Glick now seeks this court's review, asserting that the Eighth District's decision subverted decades of Ohio jurisprudence and created a new rule that void judgments are subject to res judicata and therefore cannot be collaterally attacked. Glick argues that the portion of a sentencing judgment that contains an assessment of court costs in excess of statutory authority is void and that void judgments are nullities subject to collateral attack.

{¶ 32} Although the Eighth District's brief discussion of possible remedies for void judgments was problematic, we conclude from our review of this case that adopting Glick's propositions of law would not justify reversal. We therefore affirm the judgment of the Eighth District Court of Appeals.

**ANALYSIS**

**The Nature of the Plaintiffs' Action**

{¶ 33} The plaintiffs' action was able to progress as far as it did largely due to creative pleadings and a multilayered attack. On one level, the plaintiffs justified their demand for disgorgement of funds by purporting to target an administrative error, i.e., one that arose from the clerk's alleged misfeasance. But on another level, the plaintiffs attempted to avoid procedural defeat by portraying the error as a judicial issue and claiming that the ultimate judgment was rendered void as a result of the error. In order to resolve this case, we must first clarify what this case is and what it is not. To do so, we must examine the facts, the parties remaining after summary judgment (Glick and Wohl), and the nature of the relief requested.

{¶ 34} The sole remaining defendant was Wohl, in his official capacity as the clerk of the Berea Municipal Court. As a clerk of courts, Wohl had the authority and the duty to enforce the court's judgments for costs. R.C. 1901.31(E) and (F). *See also State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 5-6; *Hocking Valley Ry. Co. v. Cluster Coal & Feed Co.,* 97 Ohio St. 140, 143, 119 N.E. 207 (1918). A clerk of courts has no discretion. *State ex rel. McKean v. Graves,* 91 Ohio St. 23, 24, 109 N.E. 528 (1914). Although the clerk may collect costs, only a court may assess costs. R.C. 1901.26; *White* at ¶ 8. Wohl therefore had no authority to alter the costs assessed by the court, irrespective of whether the court's assessment complied with statutory requirements, because such an act would violate the statutory provisions conferring judicial power on the Berea Municipal Court pursuant to Article IV, Section 1 of the Ohio Constitution. R.C. 1901.01 and 1901.20.

{¶ 35} Glick, the sole remaining plaintiff,[6] paid court costs for a sentence imposed by the Berea Municipal Court. Glick purported to represent a class of plaintiffs who likewise had paid court costs charged pursuant to sentences imposed by the Berea Municipal Court. Glick's action against Wohl was premised primarily on two alleged facts: (1) Wohl's act, as an administrative officer, of personally creating and implementing a cost-assessment policy and (2) the resulting collection of costs in violation of R.C. 1901.26 and 2947.23.

{¶ 36} Although Glick implied that his injury arose from an administrative act and could only be resolved through equitable remedies, his request for relief shows that this is not the case. The relief Glick requested is possible only if the common pleas court vacates some portion of the municipal court judgment pursuant to a review of its validity, i.e., only if the court exercises powers reserved exclusively for an appellate court. An examination of Glick's arguments before the trial court makes this conclusion inevitable.

{¶ 37} In the amended complaint and cross-motion for summary judgment, Glick prayed for relief in the form of (1) a declaration that Wohl acted unlawfully when he billed Glick for costs associated with a judgment from the Berea Municipal Court, (2) an injunction prohibiting Wohl from assessing costs on a per-charge basis or on dismissed charges, and (3) an order directed at both the Berea Municipal Court and Wohl to return the unlawful court costs. By asserting error in the imposition of costs, Glick was attacking a portion of his sentence. And by requesting the return of a portion of the costs that he had paid to satisfy the municipal court's judgment, Glick was seeking a partial vacatur of the judgment.

---

6. Although the merit brief was submitted to this court on behalf of all three original plaintiffs, the arguments presented relate only to Glick. No argument is made that the trial court erred in dismissing all defendants except Wohl, and Glick is the only plaintiff who alleges that he was harmed by Wohl.

{¶ 38} Regardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action. *State ex rel. Zupancic v. Limbach,* 58 Ohio St.3d 130, 132, 568 N.E.2d 1206 (1991) (this court will look beyond the pleadings to ensure that a mandamus complaint is not a disguised request for a prohibitory injunction); *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922), syllabus (where the cause of action and request for damages sound in contract, pleadings that are couched in the vocabulary of torts do not change the actual nature of the action).

{¶ 39} Costs are part of a defendant's final, appealable judgment entry of sentence. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, at paragraph four of the syllabus ("A sentencing entry is a final appealable order as to costs"); R.C. 2947.23(A)(1)(a) ("In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, * * * and render a judgment against the defendant for such costs"); *see also Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, at paragraph one of the syllabus (costs are the fees that "statutes authorize to be taxed and included in the judgment or sentence").

{¶ 40} With the nature of Glick's action now clarified, we continue on to discuss its merits.

### Declaratory Judgment Is Not an Available Remedy

{¶ 41} The court of common pleas did not have the authority to grant the relief requested in Glick's class-action lawsuit. As a court of general jurisdiction, the Cuyahoga County Court of Common Pleas has the power to entertain " ' "all matters at law and in equity that are not denied to it." ' " *BCL Ents., Inc. v. Ohio Dept. of Liquor Control*, 77 Ohio St.3d 467, 469, 675 N.E.2d 1 (1997), quoting *Schucker v. Metcalf*, 22 Ohio St.3d 33, 34, 488 N.E.2d 210 (1986), quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891). Glick was able to initially secure the common pleas court's jurisdiction to entertain his class

action by purporting to request purely equitable relief and by portraying the cause of action as targeting a policy or decision made by an administrative government official that conflicted with statutory mandates, similar to the causes of action in *Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, and *Judy v. Ohio Bur. of Motor Vehicles*, 100 Ohio St.3d 122, 2003-Ohio-5277, 797 N.E.2d 45. As a result, the common pleas court did not patently and unambiguously lack jurisdiction. It had the right to determine the bounds of its own jurisdiction, and any error in that determination could be remedied upon appeal. *See State ex rel. Miller v. Lake Cty. Court of Common Pleas*, 151 Ohio St. 397, 86 N.E.2d 464 (1949), paragraph three of the syllabus.

{¶ 42} A common pleas court generally has the power under the Declaratory Judgments Act to "declare rights, status, and other legal relations," and its "declaration has the effect of a final judgment or decree." R.C. 2721.02(A). But it must be remembered that the common pleas court has the power to grant declaratory relief only if "such relief is already within its jurisdiction to grant." *Malloy v. Westlake*, 52 Ohio St.2d 103, 105, 370 N.E.2d 457 (1977). The declaratory-judgment statutes "do not extend the jurisdiction as to the subject matter upon which a court may act," but instead "extend the power of the court to grant declaratory relief within its respective jurisdiction." *State ex rel. Foreman v. Bellefontaine Mun. Court*, 12 Ohio St.2d 26, 28, 231 N.E.2d 70 (1967).

{¶ 43} The act states:

> [A]ny person whose rights, status, or other legal relations are affected by a constitutional provision, statute, [or] rule * * * may have determined any question of construction or validity arising under the * * * constitutional provision, statute, [or] rule,

* * * and obtain a declaration of rights, status, or other legal relations under it.

R.C. 2721.03. The purpose of the act is to provide a mechanism by which parties can "eliminate uncertainty regarding their legal rights and obligations" quickly and conclusively. *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 8.

{¶ 44} Although the purpose of the act is to declare rights in the face of uncertainty, it is well settled that declaratory judgment is not a proper vehicle for determining whether rights that were previously adjudicated were properly adjudicated. *Clark v. Memolo*, 174 F.2d 978, 981 (D.C.Cir.1949); *Olney v. Ohio*, 341 F.2d 913 (6th Cir.1965); *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir.1966); *Wilson v. Collins*, 10th Dist. Franklin No. 10AP-511, 2010-Ohio-6538, ¶ 9; *State v. Brooks*, 133 Ohio App.3d 521, 525, 728 N.E.2d 1119 (4th Dist.1999); *Moore v. Mason,* 8th Dist. Cuyahoga No. 84821, 2004-Ohio-1188, ¶ 14; *Gotel v. Ganshiemer*, 11th Dist. Ashtabula No. 2008-A-0070, 2009-Ohio-5423, ¶ 44; *Burge v. Ohio Atty. Gen.*, 10th Dist. Franklin No. 10AP-856, 2011-Ohio-3997, ¶ 10. For direct and collateral attacks alike, declaratory judgment is simply not a part of the criminal appellate or postconviction review process. *Wilson at* ¶ 9; *Brooks* at 525-526; *Moore* at ¶ 14; *Gotel* at ¶ 44. Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through postconviction petitions, habeas corpus, and motions to vacate. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 20. A declaratory-judgment action cannot be used as a substitute for any of these remedies. *Clark* at 981; *Shannon* at 829; *Wilson* at ¶ 9; *Moore* at ¶ 14; *Gotel* at ¶ 44; *Burge* at ¶ 10.

{¶ 45} In the present case, Glick's criminal proceedings had come to a final conclusion, as had the proceedings of the members of the plaintiff class.

Although the trial court did not err in initially entertaining this case, it erred in proceeding to decide it on its merits. Upon review of the merits and underlying facts, it is clear that the plaintiffs were not actually asking for disgorgement of funds wrongfully held as a result of an invalid policy promulgated by an administrative officer. Instead, they were asking the court to partially vacate final, unappealed judgments. Regardless of the character or severity of an error in a judgment entry, and regardless of whether that error renders the judgment void or voidable, the criminal appellate and postconviction review processes remain the sole avenues for redress. Declaratory judgment was therefore unavailable as a means of reviewing and vacating a portion of the costs imposed as part of Glick's sentence.

### Clarification of the Eighth District's Holding

{¶ 46} The Eighth District Court of Appeals declined to address the inapplicability of declaratory relief and other larger problems with the plaintiffs' action, and instead opted to reverse the trial court's decision on narrower grounds. In doing so, the appellate court approached the case as if it were a postconviction motion to vacate a void judgment. It was in this context that the Eighth District held that "whether [a judgment is] void or voidable, the remedy lies in a direct appeal, not a collateral attack on the judgment in a different court." 2012-Ohio-2391, ¶ 18. The statement that void judgments are not open to collateral attack and that attacks on void judgments can be defeated by the doctrine of res judicata is mistaken. A void judgment is a nullity and open to collateral attack at any time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40; *Tari v. State*, 117 Ohio St. 481, 494, 159 N.E. 594 (1927). Any court in any jurisdiction certainly has the right to decline to recognize the validity of a void judgment of any other court. But whether a void judgment has come before a court through a proper vehicle and whether a court has the authority to provide the relief requested against the void judgment are different matters.

**{¶ 47}** There are various scenarios in which a court might have jurisdiction over an issue that provides the court with the opportunity to declare the judgment of any other court to be void. For instance, in a proper case, a court may refuse to enforce the void judgment of another court or prevent a party from executing upon the judgment. *See, e.g.*, *In re Lockhart*, 157 Ohio St. 192, 193, 105 N.E.2d 35 (1952) (ordering prisoner's release under void sentence in habeas corpus proceedings); *Thiessen v. Moore*, 105 Ohio St. 401, 422, 137 N.E. 906 (1922) (in action to quiet title over property, prior order conveying the property was disregarded as void); *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 2010-Ohio-1537, 934 N.E.2d 366, ¶ 10 (7th Dist.) (noting that although void foreign judgments cannot be vacated, an Ohio court may refuse to enforce them). But a void judgment does not by itself create a justiciable controversy that a court may seize upon and resolve. To be subject to collateral attack, the judgment must be relevant to the relief sought or to the enforcement of some right in a controversy properly before the court. *See Kingsborough v. Tousley*, 56 Ohio St. 450, 458, 47 N.E. 541 (1897) ("a collateral attack is an attempt to defeat the *operation* of a judgment, in a proceeding where some *new right* derived from or through the judgment is involved" [emphasis added]). And the fact that a judgment might be void certainly does not give every court the authority to directly reverse, vacate, or modify that judgment.

**{¶ 48}** A court has the inherent authority to vacate its own void judgments. *Patton v. Diemer,* 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus. However, the authority to vacate the void judgments of another court is exclusively conferred by the Ohio Constitution on courts of direct review. Ohio Constitution, Article IV, Section 2(B)(2) ("The supreme court shall have appellate jurisdiction" and the power to "review and affirm, modify, or reverse" certain judgments); Ohio Constitution, Article IV, Section 3(B)(2) ("Courts of appeals shall have such jurisdiction as may be

provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district"). *See also Price v. Hobstetter*, 9 Ohio Misc. 238, 243, 213 N.E.2d 753 (C.P.1965) ("There is certainly no authority, yea, no power, which [a] common pleas court * * * may assert to vacate a judgment entered in [another] common pleas court * * *"); *State v. Harroff*, 8th Dist. Cuyahoga No. 35140, 1976 WL 191092 (July 29, 1976) ("the Common Pleas Court is without jurisdiction to vacate any judgment of the * * * Municipal Court").

{¶ 49} We again emphasize that the effect of the judgment from the Cuyahoga County Court of Common Pleas was to review and vacate a portion of Glick's sentencing entry from the Berea Municipal Court. Because the common pleas court was not empowered either inherently or by Ohio's Constitution to provide the requested review and relief, the court lacked jurisdiction to proceed with the plaintiffs' case. In this context, the intent of the Eighth District's holding is better understood; whether an error in a criminal judgment entry causes a portion of the judgment to be void or voidable, the remedy lies in a direct or collateral attack before a court with the authority to vacate the decision, not an attack on the judgment in a different court with no authority to vacate the decision.

## CONCLUSION

{¶ 50} The Berea Municipal Court's cost-assessment practices had rightly come under fire, and this might have been an entirely different case had the merits come before this court. But we are constrained to review the cause of action as it was actually presented to us, and we therefore decline to explore the bounds of jurisdiction in other scenarios.

{¶ 51} Although Glick's suit was couched in terms traditionally used for equitable actions against administrative agencies, an inquiry into the substance of Glick's action reveals that he was asking the common pleas court to vacate a

portion of the judgment entry of sentence rendered against him in the Berea Municipal Court. A court of common pleas has no power to vacate a final order rendered by a municipal court, and the Cuyahoga County Court of Common Pleas therefore should have granted summary judgment in favor of all named defendants and dismissed the plaintiffs' class action. We therefore affirm the appellate court's decision to reverse and remand the case to the common pleas court with instructions to grant summary judgment for Wohl.

Judgment accordingly.

O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER and O'NEILL, JJ., dissent.

_____

**O'DONNELL, J., concurring.**

{¶ 52} I concur in the majority opinion that a common pleas court has no authority to review and vacate an order of a municipal court, and that while it generally does have the power to enter declaratory judgments, which it purported to do in this matter, it does not have the authority to provide the relief requested here. However, the subliminal issue in this case concerns the authority of the municipal court to assess court costs on a per charge basis and on dismissed charges.

{¶ 53} After being cited for weaving and for operating a motor vehicle under the influence of alcohol, William Glick agreed to plead guilty to a reduced charge of reckless operation in exchange for dismissal of the weaving charge. Prior to accepting the plea agreement, he understood that he would be required to pay court costs. Glick paid the court costs in cash, and although he noticed that he paid court costs for the dismissed weaving charge, he never appealed his conviction or sentence. Rather, he filed a class action and sought declaratory, injunctive, and restitution relief in the Cuyahoga County Court of Common Pleas.

{¶ 54} The court of common pleas granted summary judgment in favor of Raymond J. Wohl, the Clerk of the Berea Municipal Court, on Glick's claims for improperly charged costs under R.C. 2949.091(A) and 2743.70(A), granted in part and denied in part Glick's motion for summary judgment on count one for declaratory judgment, and granted in part Glick's motion for summary judgment as to count one of the first amended class action complaint.

{¶ 55} More specifically, the court declared that fees collected for the computer maintenance fund, computer research fund, and construction fund, and a processing fee constitute "special project" fees and may be assessed on a "per charge" basis pursuant to R.C. 1901.26(B)(1). However, the court further declared that Glick was improperly charged general court costs twice and should have been charged only once, noting that general court costs do not fall under R.C. 1901.26(B) and must be charged on a "per case basis." The court also declared that Glick was improperly charged with fees for computer maintenance, computer research, and construction on the dismissed charge and with a $2 processing fee.

{¶ 56} The court of common pleas also granted Glick's motion for summary judgment on the claim for injunctive relief and ordered Wohl to refrain from charging costs on dismissed counts, "general court costs" on a per charge basis, and a processing fee when costs are paid in cash. The court further granted Glick's motion for summary judgment on the restitution claim and ordered that Wohl issue a refund to Glick in the amount of $85.

{¶ 57} Although the court of common pleas determined that some of these costs were improperly imposed, because Glick failed to properly challenge the municipal court's imposition of the court costs, the municipal court's assessment of costs in this case remains in effect. Had Glick sought a stay and appealed the sentence to the court of appeals raising the issue of improper imposition of court costs, and had one of the parties sought discretionary review in this court, we may

22

have reached the issue whether the municipal court properly assessed costs in this case.[7] *See State ex rel. Galloway v. Lucas Cty. Court of Common Pleas*, 130 Ohio St.3d 206, 2011-Ohio-5259, 957 N.E.2d 11, ¶ 4 ("any error regarding the imposition of court costs can be challenged by appeal"); *see also Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, at ¶ 23-26 (determining that misdemeanant who contested charges at trial, paid the fines and costs imposed, unsuccessfully sought a stay of execution from the trial court, and appealed his conviction and whose inactive period of probation expired during the pendency of the appeal did not voluntarily complete the sentence imposed by the trial court and thus his appeal did not become moot). Because this appeal derives from appellate review of a judgment of the court of common pleas, which lacked the power to grant the relief requested, rather than from an appeal of the municipal court's judgment, we are prevented from reviewing whether the municipal court properly imposed certain costs here.

{¶ 58} However, some of the costs imposed in this case appear to be problematic. First, the imposition of costs that are not "special project" fees on a per charge basis raises concerns presented in our decision in *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, at paragraphs two and three of the syllabus, in which we held that "R.C. 2947.23(A)(1) specifies that *in all criminal cases,* judges are to include the costs of prosecution in the sentence and render a judgment for such costs," whereas "R.C. 1901.26(B) authorizes municipal courts by rule to charge a special-projects fee in addition to all other court costs on the filing of *each criminal cause*." (Emphasis sic.)

{¶ 59} Second, although the record is unclear as to whether Glick agreed to pay the court costs related to the dismissed charge, assessing costs on dismissed

---

7. Additionally, R.C. 2947.23(C), which became effective March 22, 2013, now provides: "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." 2012 Sub.S.B. No. 247.

charges in the absence of an agreement between the parties also raises concerns. *See Cuyahoga Falls v. Coup-Peterson*, 124 Ohio App.3d 716, 717, 707 N.E.2d 545 (9th Dist.1997) (noting that "there is no authority for a court to assess costs against a defendant who has not been sentenced, absent an agreement otherwise between the parties," and concluding that assessing court costs following dismissal of criminal charges violates due process).

{¶ 60} Notably, various statutes demonstrate the General Assembly's intent to impose certain court costs on charges resulting in convictions but not on those resulting in dismissals. For example, R.C. 2947.23(A)(1)(a) specifies that the court must impose certain costs as part of the *sentence* ("In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the *sentence* the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs" [emphasis added]). R.C. 2929.01(EE) defines "sentence" as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense," while *Black's Law Dictionary* (9th Ed.2009) defines "sentence" as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer." *Id.* at 1485. Recently, in *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 28, we stated: "a sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing." Thus, by providing that certain costs be imposed as part of the sentence, the statute and our case law evince an intent to impose court costs only on those who are convicted or found guilty, not on those whose charges are dismissed. *See State v. Powers*, 117 Ohio App.3d 124, 128, 690 N.E.2d 32 (6th Dist.1996) ("the intent of [R.C. 2947.23] is to impose costs on a defendant after his or her conviction").

**{¶ 61}** Similarly, R.C. 2949.091 and 2949.094 specify that the court shall impose certain costs if the defendant *is convicted of or pleads guilty to an offense* and shall return costs added to the amount of the bail if the person is not found guilty or the charges are dismissed. R.C. 2949.091(A)(1)(a) ("The court in which any person is convicted of or pleads guilty to any offense shall impose one of the following sums as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender * * *"); R.C. 2949.091(B) ("Whenever a person is charged with any offense described in division (A)(1) of this section, the court shall add to the amount of the bail the thirty, twenty, or ten dollars required to be paid by division (A)(1) of this section. * * * If the person is found not guilty or the charges are dismissed, the clerk shall return the thirty, twenty, or ten dollars to the person"); R.C. 2949.094(A) ("The court in which any person is convicted of or pleads guilty to any moving violation shall impose an additional court cost of ten dollars upon the offender"); R.C. 2949.094(C) ("Whenever a person is charged with any offense that is a moving violation and posts bail, the court shall add to the amount of the bail the ten dollars required to be paid by division (A) of this section. * * * If the person is found not guilty or the charges are dismissed, the clerk shall return the ten dollars to the person").

**{¶ 62}** Here, the court of common pleas declared that Glick was improperly charged with the computer maintenance fee, the computer research fee, and the construction fee on the dismissed charge. Although R.C. 1901.261, which pertains to fees for computer services, is silent as to whether fees relating to computer services are to be assessed on dismissed charges, and R.C. 1901.26(B)(1) provides that the court may charge special project fees "on the filing of each criminal cause," it appears to be consistent with the General Assembly's intent for courts not to impose court costs on dismissed charges unless payment of such costs is part of a plea agreement.

**{¶ 63}** Thus, although we cannot dispose of the issues pertaining to the imposition of certain costs in this case, courts that continue to assess court costs that are not "special project" fees on a per charge basis and to impose costs on dismissed charges in the absence of a plea agreement run the risk of being compelled to refund those costs if they are ultimately found to be improperly assessed.

KENNEDY, J., concurs in the foregoing opinion.

_____

**LANZINGER, J., concurring in judgment only.**

**{¶ 64}** I would accept the reasoning of the court of appeals and therefore concur in judgment only.

_____

**PFEIFER, J., dissenting.**

**{¶ 65}** This case has me flummoxed. On the one hand, the majority paints a compelling picture. The law and the facts appear to point in one direction, that of requiring Glick and any other similarly situated individual to appeal his or her case in order to challenge the excessive costs. On the other hand, the Berea Municipal Court has been found to be charging excessive costs, and it is subject to the authority, both appellate and supervisory, of the Supreme Court of Ohio. Why can't we do something about it here and now?

(1)

**{¶ 66}** A majority of this court and the appellee, the clerk of the Berea Municipal Court, agree that Glick should have filed a direct appeal. But on what grounds? Glick does not contest his conviction or the legitimate court costs that he was required to pay. And in truth there is nothing to contest; he pled guilty and agreed to pay court costs. So this court must be suggesting that Glick should have appealed the allegedly unauthorized court costs. But how could he? It does not appear that the judge in the municipal court assessed the unauthorized charges

that were collected. Glick alleged that the court clerk charged court costs that are not authorized by statute. That is a void act, a nullity, and there is no reason to think it constitutes a final, appealable order. *See State ex. rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 36 ("void judgments do not constitute final, appealable orders"). Glick had an untenable choice: either file a frivolous appeal (appealing the imposition of a cost he agreed to pay) or file no appeal and forgo any remedy because the order was void and therefore not appealable.

(2)

**{¶ 67}** Even though the class-action process has been abused at times, the facts in this case scream out for certification of the class. The facts as alleged present a classic class-action scenario, even though, if allowed to go forward, the plaintiffs may ultimately fail to prove their case. Hundreds of parties might have suffered the same injury, having all been charged excessive fees that were unauthorized by statute. The excessive fees were so small in each individual case that seeking redress through the normal legal process was economically unviable. Glick was assessed $510 in court costs. The lower court found that $85 of the costs were unauthorized; that finding is undisturbed and remains the law of this case. Even if all $510 in court costs were unauthorized, it hardly makes economic sense to force a plaintiff to pay a filing fee (roughly $100), a transcript fee (roughly $200), and attorney fees for the possible recovery of $510.

**{¶ 68}** But this court is not allowing the class action to proceed, because "[a] court of common pleas has no power to vacate an order rendered by a municipal court." Majority opinion at paragraph four of the syllabus. The legal validity of this statement and that of the other paragraphs of the syllabus is unassailable. I concur in the four paragraphs of syllabus law. But I do not agree that we are powerless to act in this case.

{¶ 69} Glick is seeking a declaratory judgment that he was forced to pay fees that were unauthorized. What else was he supposed to do? As noted above, he did not have good options. He is also seeking reimbursement of the allegedly unauthorized fees. If the court of common pleas grants Glick everything he seeks, it will not affect anything that the judge of the municipal court has done. The court of common pleas is not attempting to vacate an order of the municipal court; it is declaring that unauthorized costs were collected and that doing so was a void act.

{¶ 70} Alas, this court concludes that this is tantamount to reviewing and vacating a portion of the sentencing entry. But can a court vacate a nullity? By definition a nullity is something that never happened. The court of common pleas is not vacating a sentencing order. It is declaring that unauthorized costs were collected. When sitting in equity, a trial court of this state has jurisdiction to declare that an act performed on behalf of a court that was unauthorized by statute is void. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (a sentence that is void "may be reviewed at any time, on direct appeal or by collateral attack"). *See also Santos v. Ohio Bur. of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441, syllabus ("A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction * * *").

(3)

{¶ 71} The end result of this case is exactly the opposite of what the people of Ohio should expect of their government. The people of Ohio expect a government that acts according to the law. The court of common pleas in this case found that the Berea Municipal Court acted contrary to law when it improperly collected multiple special-project costs, improperly charged costs for offenses that have been dismissed, and improperly charged a credit-card

processing fee for fees paid in cash. All of these actions are unauthorized by statute. That means that they are illegal. It is also possible, as the complaint alleged, that other municipal courts are also charging unauthorized fees. That means that other courts might also be performing illegal acts.

{¶ 72} The majority has thrown its hands in the air and concluded that, given the posture of this case, "we are constrained to review the cause of action as it was actually presented to us * * *." Majority opinion at ¶ 50. I do not agree. Once we have accepted jurisdiction, it is our duty to provide justice to the parties before us. In this case, the way to do that is to reinstate the decision of the trial court, which required the Berea Municipal Court to refrain from illegal activity, and allow the plaintiffs an opportunity to prove that they are entitled to equitable redress.

{¶ 73} I would reverse the judgment of the court of appeals and reinstate the sound decision of the court of common pleas.

O'NEILL, J., concurs in the foregoing opinion.

_____

Paul W. Flowers Co., L.P.A., and Paul W. Flowers; Bashein & Bashein Co., L.P.A., and W. Craig Bashein; Plevin & Gallucci and Frank Gallucci III; and Dworken & Bernstein Co. and Patrick J. Perroti, for appellants.

Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A., David M. Cuppage, and Scott D. Simpkins; and James N. Walters, Berea Director of Law, for appellee.

Peter Galyardt, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.

Reminger Co., L.P.A., Ronald A. Mingus, and Brent S. Silverman, urging affirmance for amici curiae Thomas E. Day Jr., Clerk of the Bedford Municipal Court, Victoria Dailey, Clerk of the Chardon Municipal Court, and Lisa Mastrangelo, Clerk of the Willoughby Municipal Court.

Freund, Freeze & Arnold, Wayne E. Waite, and Adam C. Armstrong; and Theodore A. Hamer III, Kettering Law Director, urging affirmance for amicus curiae Andrea White, Clerk of the Kettering Municipal Court.

_____