[Cite as *State v. Vanover*, 2015-Ohio-345.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2014-CA-80 |
| | : | |
| v. | : | Trial Court Case No. 2005-CR-659 |
| | : | |
| QUILL VANOVER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of January, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

QUILL VANOVER, Inmate No. A 515-304, Pickaway Correctional Institution, Post Office Box 209, Orient, Ohio 43146
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

      **{¶ 1}** Defendant-appellant Quill Vanover appeals from the dismissal of his petition for post-conviction relief. Because the trial court properly dismissed the petition, the trial

court's order of dismissal is Affirmed.

## I. The Course of Proceedings

{¶ 2} In 2003 Vanover was indicted for Kidnapping, Abduction, Bribery, Having Weapons While Under a Disability, Domestic Violence, Menacing by Stalking, and Intimidation. He pled guilty to Bribery and Intimidation, and was sentenced pursuant to agreement. The other charges were dismissed. Vanover appealed. We reversed, concluding that during the plea hearing the trial court failed to advise Vanover of the fact that an essential element of the offense of Intimidation of a Witness was that he committed the offense "knowingly." Furthermore, the indictment failed to set forth the mens rea of knowingly, and was therefore defective. *See State v. Vanover*, 2d Dist. Clark No. 2004-CA-5, 2005-Ohio-3184.

{¶ 3} A new indictment, alleging the same original charges and adding the proper mens rea to the charge of Intimidation of a Witness, was filed on August 1, 2005. Vanover pleaded guilty to one count of Kidnapping, one count of Bribery, and one count of Intimidation; the remaining counts were dismissed. The trial court sentenced Vanover to a total prison term of 23 years. He again appealed. We affirmed the convictions, but remanded for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *State v. Vanover*, 2d Dist. Clark No. 2005-CA-118, 2007-Ohio-1057.

{¶ 4} On remand, the trial court resentenced Vanover to the same 23-year term. Vanover filed a third appeal, in which he contested the validity of the new sentence. We affirmed. *State v. Vanover*, 2d Dist. Clark No. 2007-CA-30, 2008-Ohio-4749.

{¶ 5} On May 19, 2014, Vanover petitioned for post-conviction relief. The State responded, arguing that the petition was untimely. The trial court dismissed the petition

as untimely. From the dismissal of his petition, Vanover takes this appeal.

**II.**

**III.     The Record Does Not Support Vanover's Claim**

**that the State Impermissibly Amended the Indictment**

{¶ 6}  Vanover's First and Second Assignments of Error state:

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO ADJUDICATE THAT APPELLANT'S CONVICTIONS AND SENTENCES ARE VOID, IN VIOLATION OF DUE PROCESS DUE TO AN ILLEGAL AMENDMENT TO HIS INDICTMENT FOLLOWING HIS SUCCESSFUL APPEAL THAT HELD THE INDICTMENT VOID AB INITIO.

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO ADJUDICATE THAT APPELLANT'S CONVICTIONS AND SENTENCES ARE VOID, IN VIOLATION OF DUE PROCESS WHEN THE PROSECUTION ILLEGALLY AMENDED THE INDICTMENT BEYOND THE TIME CONSTRAINTS ALLOWED BY LAW, RENDERING THE INDICTMENT VOID AB INITIO AS A RESULT.

{¶ 7} Vanover argues that his conviction is void, because the State impermissibly amended the indictment outside the time-frame permitted by Crim.R. 7(D).   He further argues that the conviction is void because the indictment is deficient in that it fails to set forth the required elements for the offense of Intimidation of a Witness.   The State argues that these assignments of error are barred by the doctrine of res judicata.   In his reply brief, Vanover claims that the time for filing a new indictment, or re-indictment, had

passed.

**{¶ 8}** We begin by noting that a void sentence can be challenged at any time, and res judicata does not apply. *State v. Dean*, 2d Dist. Champaign No. 2013-CA-17, 2014-Ohio-50, ¶ 20. Thus, the State's argument is without merit.

**{¶ 9}** Crim.R. 7(D) governs amendment of indictments and provides:

> The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.

**{¶ 10}** Even if Vanover is correct in his claim that the State failed to timely amend the indictment, it has no bearing on this issue. As noted above, the State did not amend the indictment. A new indictment with a new case number was filed on August 1, 2005, within the six-year time limitation set by R.C. 2901.13(A)(1)(a). Further, R.C. 2901.13(H) would permit the tolling of the time limitation for a portion of the time this action was pending. Thus, any claim that the new indictment was untimely is without merit. Finally, the new indictment sets forth the proper mens rea for the crime of intimidation of a witness. Thus, we find no defect in the indictment under which Vanover was convicted.

**{¶ 11}** The First and Second Assignments of Error are overruled.

## IV.

## V. Trial Counsel Was Not Ineffective for Having
## Failed to Assert that his Conviction Was Void

**{¶ 12}** Vanover's Third Assignment of Error is as follows:

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO ADJUDICATE THAT APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN FAILING TO RAISE THAT APPELLANT'S CONVICTIONS AND SENTENCES ARE VOID AB INITIO.

{¶ 13} Ineffective assistance of counsel claims require a defendant to demonstrate that counsel's performance fell below an objective standard of reasonable representation, resulting in prejudice. *State v. Carr*, 2d Dist. Montgomery No. 23445, 2010-Ohio-3442, ¶ 4.

{¶ 14} We find no merit to Vanover's claim that his conviction is void. See Part II, above. Therefore, trial counsel was not ineffective for failing to raise this claim. Accordingly, the Third Assignment of Error is overruled.

**VI.    Because Vanover's Conviction Is Not Void, his Argument**

**Fails that R.C. 2953.23 Is Unconstitutional as Applied to him**

{¶ 15}  Vanover's Fourth and Eighth Assignments of Error state:

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO ADJUDICATE THAT OHIO REV. CODE SECTION 2953.23(A)(1)(a) AND (b) IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED, IN VIOLATION OF DUE PROCESS, BECAUSE THE STATUTE CONTAINS NO PROVISION TO CHALLENGE A VOID CONVICTION AND SENTENCE, WHICH CAN BE RAISED AT ANY TIME.

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO ADJUDICATE THAT OHIO REV. CODE SECTION 2953.23(A)(1)(a) AND (b) IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED, IN VIOLATION OF DUE PROCESS BECAUSE IT CONTAINS NO PROVISION TO BRING A COLLATERAL CLAIM IN ACCORD WITH THE PRINCIPLES SET FORTH IN *FIORE*, *BUNKLEY*, AND *AGEE*.

{¶ 16} In these assignments of error, Vanover contends that R.C. 2953.23 is unconstitutional on its face, and as applied to him.

{¶ 17} "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality[,] * * * unless such enactments are clearly unconstitutional beyond a reasonable doubt." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 147, 128 N.E.2d 59, (1955). This court has previously held this statute constitutional. *State v. Franklin*, 2d Dist. Montgomery No. 20716, 2005-Ohio-1361, ¶ 23; accord, *State v. Conway*, 10th Dist. Franklin No. 12AP-412, 2013-Ohio-3741, ¶ 63.

{¶ 18} Vanover's argument that R.C. 2953.23 is unconstitutional as applied to him depends on his argument that his conviction is void. Because we conclude, in Part II, above, that his conviction is not void, this attack on the constitutionality of the statute necessarily fails. We note that the Supreme Court of Ohio has held that a trial court has the inherent authority to vacate its own void judgments. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 48. And a void judgment, being a nullity is open to

collateral attack at any time. *Id.*, ¶ 46. Therefore, one seeking to vacate a void judgment may not need the statutory authority established by R.C. 2953.21, et seq., with the time limits imposed by that statute, to do so.

{¶ 19} The Fourth and Eighth Assignments of Error are overruled.

**VII.    Vanover Is Not Entitled to Relief Pursuant to a**

**Decision of the Supreme Court of Ohio that Was Announced**

**After the Judgment in his Case Became Final**

{¶ 20} Vanover's Fifth, Sixth, Seventh and Ninth Assignments of Error state:

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO ADJUDICATE THE FACT APPELLANT HAS A DUE PROCESS RIGHT TO THE RETROSPECTIVE APPLICATION OF OHIO REV. CODE SECTION 2941.25(A) AS CORRECTED BY THE 2010 *JOHNSON* CASE ON COLLATERAL REVIEW, IN ACCORD WITH THE PRINCIPLES SET FORTH IN *FIORE*, *BUNKLEY*, AND *AGEE*.

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO ADJUDICATE THAT ANY APPLICATION OF *ALI V. STATE OF OHIO* VIOLATES THE SUPREMACY, DUE PROCESS, AND EQUAL PROTECTION CLAUSES OF THE UNITED STATES CONSITUTION BECAUSE IT DIRECTLY CONFLICTS WITH THE PRINCIPLES SET FORTH IN *FIORE*, *BUNKLEY*, AND *AGEE*.

THE TRIAL COURT ERRED AND ABUSED JUDICIAL

DISCRETION IN VIOLATION OF DUE PROCESS BY APPLYING THE DOCTRINE OF RES JUDICATA TO A CLAIM THAT COULD NOT BE FORESEEN BY APPELLANT.

THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION BY FAILING TO ADJUDICATE THAT APPELLANT'S MULTIPLE CONVICTIONS AND CONSECUTIVE SENTENCES ARE IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE THROUGH A RETROSPECTIVE APPLICATION OF OHIO REV. CODE SECTION 2941.25(A) AS CORRECTED BY THE 2010 *JOHNSON* DECISION.

**{¶ 21}** In all of these assignments of error, Vanover argues that he is entitled to re-sentencing pursuant to R.C. 2941.24 and *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, which sets forth a new analysis regarding determining whether the crimes for which he was convicted and sentenced in 2007 are allied offenses of similar import.

**{¶ 22}** Vanover cannot rely upon the holding in *Johnson* because "[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e. where the accused has exhausted all of his appellate remedies."  *State v. Barber*, 2d DIst. Montgomery No. 24770, 2012-Ohio-2332, quoting *State v. Parson*, 2d Dist. Montgomery No. 24640, 2012-Ohio-730.

**{¶ 23}** Vanover's conviction had been final since our opinion in 2008 upholding his conviction and sentence, which was two years before the ruling in *Johnson.* Accordingly, his Fifth, Sixth, Seventh and Ninth Assignments of Error are overruled.

## VI. Conclusion

**{¶ 24}** All of Vanover's Assignments of Error having been overruled, the order of the trial court dismissing his petition for post-conviction is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Quill Vanover
Hon. Douglas M. Rastatter