[Cite as *State v. West*, 2013-Ohio-4185.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97391 and 97900**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY WEST

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-548609
Application for Reopening
Motion No. 464038

**RELEASE DATE:**    September 25, 2013

**APPELLANT**

Timothy West, Pro Se
Richland Correctional Institution
No. 604-876
P.O. Box 8107
Mansfield, Ohio     44901-8107

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel Van
Assistant County Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} On April 11, 2013, the applicant, Timothy West, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. West*, 8th Dist. Cuyahoga Nos. 97391 and 97900, 2013-Ohio-96, in which this court affirmed in part and reversed in part West's convictions and sentences for drug cultivation, drug trafficking, and possession of criminal tools. West argues that his appellate counsel was ineffective because he did not argue the following: (1) the trial court's lack of jurisdiction to hold a forfeiture hearing on real property, (2) the improper forfeiture of the real property when it was not identified in the indictment or bill of particulars, (3) prosecutorial misconduct in failing to disclose favorable evidence, (4) the trial court's failure to conduct a hearing and suppress evidence arising from thermal imaging flyovers, (5) the failure to return property taken from his residence, (6) ineffective assistance of trial counsel in failing to proffer an affidavit of indigency, (7) the improper imposition of a fine for allied offenses, and (8) insufficient evidence for the trafficking charge. On June 24, 2013, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶2} Timothy West and his brother, Todd West, owned and used the large commercial building at 2341 Scranton Road, Cleveland, Ohio to grow hundreds of marijuana plants. As part of the investigation, the Cleveland police observed Timothy

West buying supplies, such as bags of dirt, for the operation. They observed the brothers entering the lot and building and carefully unlocking and then locking the gates and doors to the building upon entering and exiting. In walking around the building, police officers smelled a strong scent of marijuana. When the police raided the operation and arrested the brothers on November 5, 2010, Todd West gave incriminating statements. In addition to the hundreds of marijuana plants, the police also found a gallon bag containing 173 grams of marijuana, scales, plant clippings, and packaging material. On the same day, the police also raided the brothers' homes in Westlake, Ohio, and confiscated money and papers.

{¶3} The grand jury indicted the brothers for the illegal cultivation of marijuana, drug trafficking, drug possession, and possession of criminal tools. Each indictment also included forfeiture specifications for Todd's 1998 Oldsmobile Intrigue, Timothy's 1999 Ford van, the money found on the brothers and in the brothers' homes, a scale, a cell phone, and the Scranton Road property.

{¶4} Timothy testified at trial that he and his brother did not grow the marijuana, that Todd did not say anything to the police, and that they rented part of the building to others who actually grew the marijuana. In September 2011, the jury convicted the brothers on all counts. The judge ruled that the possession count merged with the trafficking count as allied offenses and sentenced the brothers to eight years on the cultivation charge, consecutive to eight years on the trafficking charge, and to 12 months

on the possession of criminal tools charge to run concurrent to the other two counts, for a total of 16 years. The judge also imposed a $15,000 fine — $7,500 on each of cultivation and trafficking counts — and ordered all of the property listed in the specifications forfeited. Subsequent to the filing of the notice of appeal, the trial court in late 2011, conducted a R.C. 2981.04 hearing on the Scranton Road property.[1] The brothers had "sold" the property to Nicholas Kulon in May 2011, and he filed the petition to determine possession of the land. The judge ordered the transfer of the property to Kulon as a bona fide purchaser and ordered the proceeds of the sale forfeited to the city of Cleveland and Cuyahoga County law enforcement trust funds. The brothers appealed this ruling, which this court consolidated with the first appeal.

{¶5} Timothy's appellate counsel argued the following: (1) the violation of Timothy's Sixth Amendment right to confrontation by using Todd's incriminating statements against Timothy; (2) the failure to try the West brothers separately; (3) the failure to merge the cultivation and trafficking charges as allied offenses, (4) imposing consecutive sentences; (5) ineffective assistance of trial counsel for failing to file meritorious motions, failing to object to improper testimony, argument, jury instructions, and sentences; (6) the improper forfeiture of the cash and automobile; and (7) the improper forfeiture of the entire Scranton Road property. This court ruled that

---

[1] R.C. 2981.04 governs criminal forfeiture proceedings.

the cultivation and trafficking counts were allied offenses.   Thus, this court reversed the sentences on both counts and remanded for merger and resentencing with the state selecting on which count Timothy should be sentenced.   The court also reversed the forfeiture of the $1,313 seized from Timothy's home.   The court further held that the trial court did err in allowing Todd's incriminating statement to be used against Timothy, but such error was harmless because the rest of the admissible evidence proved Timothy's guilty beyond a reasonable doubt.    This court overruled the other assignments of error. Timothy now submits that his appellate counsel was ineffective.

{¶6}   In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.    *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶7}   In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential.   The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient.   Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

**{¶8}** Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

**{¶9}** Additionally, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not

determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶10} Moreover, appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898). "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke,* 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶10.

{¶11} West's arguments are unpersuasive. First, he argues that the trial court was without jurisdiction to conduct the R.C. 2981.04 forfeiture hearing on the Scranton Road property because of the transfer of jurisdiction principle. Because he had already appealed the conviction, the trial court lost jurisdiction over the case and could not conduct the forfeiture hearing. Timothy West has twice raised this issue, once in an App.R. 26(A) motion for reconsideration and in a prohibition action, *State ex rel. West v. McDonnell,* 8th Dist. Cuyahoga No. 99085, 2013-Ohio-1043. In both instances, this court rejected the argument. In the prohibition action the court reasoned that the trial court had statutory jurisdiction to proceed. Thus, this argument is ill-founded and barred by res judicata.

{¶12} In his second proposed assignment of error, West argues that the trial court could not forfeit the Scranton Road property because it was not properly identified in either the indictment or the bill of particulars. He claims that because the forfeiture

specification in the indictment referred to only permanent parcel number 004-10-005, the trial judge could not forfeit the building and its land, which was on permanent parcel number 004-10-006.    Again, this argument is barred by res judicata and is ill-founded. West argued this point in both his appeal and the prohibition case and lost.   This court ruled that the deed conveyed both parcels of land and referred to the singular address and that the parcels merged for tax purposes.   There was no confusion or doubt about what property was involved; the specification included the whole property.   This court concluded that the trial court had properly forfeited the entire property.

{¶13} West's third and fourth arguments concern the fly-over thermal imaging search, which he submits was used in the supporting affidavit for the search warrants executed on November 10, 2010.   Apparently, based on the police's investigation, including the brothers' careful actions at the Scranton Road property and the smell of marijuana emanating from the property, the police obtained a warrant to conduct a fly-over thermal imaging search of the building.   The police supported their affidavit for the search warrant of the Scranton Road property, inter alia, with the results from thermal imaging.

{¶14}   Before trial, Todd West moved to suppress the search warrants and their fruits because the affidavits did not provide cause for the warrants.   Timothy orally joined in this motion during court proceedings.   The trial judge took the affidavits and the search warrants to review them.   Subsequently, the judge denied the motion to

suppress, but did not hold a hearing on the motion to suppress or issue findings of fact and conclusions of law. Moreover, the supporting affidavit for the fly-over search does not appear to be in the record.

{¶15} Timothy West first argues that by not disclosing the affidavit for the fly-over search, the prosecutor violated his duty to disclose exculpatory material. West then continues that because the fly-over affidavit was improper and used to obtain the building search warrant, that search warrant must also be improper, and all fruits of the search warrants must be suppressed. In his second argument, West argues that the trial court erred in failing to conduct a hearing because the supporting affidavit was not in the record. West relies upon *State v. Roberts*, 62 Ohio St.2d 170, 405 N.E.2d 247 (1980), and *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), which require the court to hold a hearing when there is an allegation of deliberate falsehood or reckless disregard of the truth.

{¶16} These arguments are unpersuasive. First, there is a lack of record support. The affidavits and search warrants were not in the record and would not provide a foundation for any argument, especially one claiming that there was exculpatory material or deliberate falsehood. Furthermore, the reference to the fly-over search in the record made by Timothy's attorney indicates the results were merely inconclusive. (Tr. 188.) Under *Franks* and *Roberts*, to obtain a hearing on the affidavit, the defendant must make a substantial showing of a falsehood intentionally and knowingly used or in reckless

disregard of the truth. In the present case, Timothy made no such showing. Furthermore, there is no prejudice; this court considered and rejected these arguments. In *State v. West*, 8th Dist. Cuyahoga Nos. 97398 and 97899, 2012-Ohio-6138, Todd West argued that the trial court erred in failing to hold an evidentiary hearing and make findings on the motion to suppress the evidence obtained during the thermal imaging flyovers and actual searches. This court overruled the assignment on the grounds that West did not provide a complete record and waived his right to challenge the trial judge's ruling by failing to request findings. More importantly, the evidence of the brothers' surreptitious movements and the strong smell of marijuana provided sufficient probable cause for the search.

{¶17} Timothy's next argument is that his appellate counsel should have argued that the trial court erred when it denied his motion to return property. He alleges that when the police executed the search warrant for his home, they confiscated two cars. On May 17, 2011, Timothy filed a motion to return a 1995 Buick Century. The trial court never explicitly ruled on this motion; thus, Timothy, relying on the principle that an outstanding motion is deemed denied when the final order is issued, maintains that the trial court denied this motion. He further asserts that there was no defensible reason to retain the property. There was no evidence that the property was used in the commission of the crimes or that the property was obtained from proceeds of the crimes. Indeed, this court upheld appellate counsel's assignment of error that the $1,313 seized from the home

should be returned to Timothy for those reasons.

{¶18} However, this court declines to rule that appellate counsel was ineffective for not making this argument.  First, there is a lack of record support.  It appears that the inventory sheets from the searches of the homes were not made part of the record. Furthermore, when the officer in charge of the search of Timothy's home testified, he stated that only money and papers were seized.  (Tr. 460.)

{¶19} This court notes that Timothy's appellate counsel argued seven assignments of error, successfully identified three errors and obtained substantial relief for his client, reducing his sentence and retrieving $1,313.  This court further notes that the motion to return property is an ancillary matter, unrelated to the evidence, the conviction, and the sentence.

{¶20} In weighing these factors —  the lack of record support, the multiple issues presented, the success of counsel in discerning arguments, and the ancillary nature of the motion — this court will follow the admonition of the supreme courts and conclude that appellate counsel in the exercise of professional judgment could decline to argue this point and, thus, was not ineffective.[2]

---

[2] App.R. 26(B)(1) provides in pertinent part as follows: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence * * *."  It would be a principled interpretation of the rule that the prepositional phrases "from the judgment of conviction and sentence" limits the scope of the application to reopen to only arguments that could affect the conviction or sentence.  As a corollary, this language would exclude from the scope of the application such ancillary matters as a motion to return property seized in a search and not forfeited or used                    as                    evidence                    in                    the                    trial.

**{¶21}** Timothy West next claims that his appellate counsel should have argued the ineffectiveness of trial counsel for not presenting an affidavit of indigency prior to sentencing to waive the fine, or in the alternative for not objecting to the $15,000 fine when the cultivation and trafficking offenses should have merged, limiting the fine to $7,500. There is no prejudice. By successfully arguing that the cultivation and trafficking offenses merged, appellate counsel obtained a de novo sentencing for Timothy. In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus, the Supreme Court of Ohio ruled that "[w]hen a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue." Furthermore, "[a] defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing." *Id* at paragraph two of the syllabus. In fact, appellate counsel raised the issue of ineffectiveness of trial counsel during sentencing, and this court held that issue was moot because of its earlier ruling on allied offenses. Timothy may pursue this matter at the new sentencing hearing.

**{¶22}** Moreover, trial counsel during the sentencing hearing argued that Timothy was indigent and relied on the trial court's finding that both brothers were indigent. In

imposing the fines, the trial court rejected this argument and found that Timothy owned three businesses, paid cash for the Scranton Road property, and lived in a home in Westlake. The filing of a poverty affidavit would have been unlikely to change the trial judge's mind. The error, if any, by trial counsel in not filing a poverty affidavit would probably not have changed the outcome. Timothy did not show prejudice.

{¶23} Finally, Timothy argues that there was insufficient evidence to support the convictions for cultivation and trafficking. This court implicitly rejected this argument in addressing the admissibility of Todd's incriminating statements against Timothy. This court reviewed the evidence against Timothy and ruled that "sufficient admissible evidence was present to render the extrajudicial statements made by Todd harmless beyond a reasonable doubt." *West*, 2013-Ohio-96, ¶14.

{¶24} Accordingly, this court denies the application to reopen.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY JANE BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR