[Cite as *State v. West*, 2014-Ohio-1626.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 100226

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TIMOTHY WEST

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-548609

**BEFORE:** S. Gallagher, P.J., Kilbane, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**FOR APPELLANT**

Timothy West, pro se
604-876
P.O. Box 8107
Richland Correctional Institution
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Defendant Timothy West appeals from the trial court's decision denying his motion for leave to file, pursuant to Crim.R. 33(B), a delayed motion for a new trial. For the following reasons, we affirm the decision of the trial court.

{¶2} The facts of West's case have been amply set forth in his direct appeal from the jury trial that culminated in his conviction, in *State v. West*, 8th Dist. Cuyahoga Nos. 97391 and 97900, 2013-Ohio-96, and again in his application for reopening of the direct appeal, in *State v. West*, 8th Dist. Cuyahoga Nos. 97391 and 97900, 2013-Ohio-4185. After both unsuccessful attempts to overturn his conviction, on June 6, 2013, West filed a motion with the trial court pursuant to Crim.R. 33(B) — a motion for leave to file a delayed motion for a new trial based on newly discovered evidence. In that motion, West claimed that he recently discovered the absence of an affidavit supporting the state's search warrant authorizing a thermal-imaging flyover of West's property. The trial court denied West's motion.

{¶3} West timely appealed that decision, raising a single assignment of error in which he claims the trial court abused its discretion by denying his motion for leave to file a delayed motion for a new trial because he was unreasonably precluded from discovering the lack of an affidavit to support the search warrant. We find no merit to West's claims.

{¶4} We note that West has challenged the search warrant on several occasions. In doing so, this court has already affirmed the trial court's decision to deny any motion to suppress, in part determining that the trial court reviewed the particular affidavit

underlying the search warrant that West now claims does not exist. *West*, 8th Dist. Cuyahoga Nos. 97391 and 97900, 2013-Ohio-4185, ¶ 14.

{¶5} Nevertheless, even if we assume that West is correct that the affidavit supporting the thermal-imaging flyover search warrant does not, or did not, exist, West was unable to demonstrate that he was unreasonably prevented from discovering that fact within the 120 days allowed by Crim.R. 33. Crim.R. 33 provides, in relevant part, that a "new trial may be granted on motion of the defendant * * * [w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Further,

> [i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Crim.R. 33(B).

{¶6} Therefore, in order to file

> a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by "clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion."

*State v. Wheat*, 8th Dist. Cuyahoga No. 93671, 2010-Ohio-4120, ¶ 22, quoting *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11. We will not overturn a trial court's determination to deny leave to file a delayed motion for new trial if competent, credible evidence supports that decision. *Id.* at ¶ 23.

{¶7} West's argument solely rests on a presumption that he was unavoidably prevented from discovering the disputed fact that the affidavit supporting the search warrant authorizing the thermal-imaging flyover never existed. Even if we assume West's claim is true, West was not unavoidably prevented from discovering the lack of an affidavit. West could have sought that affidavit through discovery requests in prosecuting his motion to suppress the evidence made before trial. West claims in that motion to suppress that the evidence was seized through what he deemed were insufficiently supported warrants. The discovery request for the affidavit would have revealed the existence, or lack thereof, of the affidavit. West does not have any evidence sufficient to sustain his burden of demonstrating that reasonable diligence would not have uncovered the lack of an affidavit supporting the search warrant he already challenged. West's sole assignment of error is overruled.

{¶8} The decision of the trial court denying West leave to file a delayed motion for a new trial is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MELODY J. STEWART, J., CONCUR