[Cite as *State v. Stewart*, 2021-Ohio-2294.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                       CASE NO.  13-21-05

    v.

DARRION A. STEWART,                     O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 07 CR 0154

Judgment Affirmed

Date of Decision:   July 6, 2021

APPEARANCES:

    *Gene P. Murray* for Appellant

    *Derek W. DeVine* for Appellee

Case No. 13-21-05

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Darrion A. Stewart ("Stewart"), appeals the January 25, 2021 judgment entry of the Seneca County Court of Common Pleas denying his motion to vacate his conviction. We affirm.

{¶2} In 2008, Stewart was convicted of 23 drug-related counts. *State v. Stewart*, 3d Dist. Seneca No. 13-08-18, 2009-Ohio-3411, ¶ 34, 36. The trial court sentenced Stewart on May 14, 2008 to an aggregate sentence of 36 years and 11 months in prison, and Stewart appealed the trial court's judgment entry of conviction.[1] *Stewart* at ¶ 1; (Doc. Nos. 192, 199).[2] In that direct appeal, we affirmed the judgment of the trial court. *Stewart* at ¶ 109.

{¶3} On December 29, 2020, Stewart filed a motion to vacate his conviction arguing that his conviction is void because "the State cannot produce a <u>case numbered</u> motion docketed file for the warrant * * * ." (Emphasis sic.) (Doc. No. 220). On January 14, 2021, the State filed a memorandum in opposition to Stewart's motion to vacate. (Doc. No. 221). On January 25, 2021, the trial court denied Stewart's motion to vacate after concluding that his motion is untimely and barred by the doctrine of res judicata. (Doc. No. 212).

---

[1] In Stewart's direct appeal from his conviction, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. Stewart*, 3d Dist. Seneca No. 13-08-18, 2009-Ohio-3411.

[2] On March 22, 2011, the trial court issued a nunc pro tunc judgment entry of sentence to correct a clerical entry. (Doc. No. 216).

-2-

**{¶4}** On February 22, 2021, Stewart filed his notice of appeal and raises one assignment of error for our review. (Doc. No. 223).

### Assignment of Error

**The Trial Court Abused its Discretion by Dismissing and Not Even Allowing a Hearing on Defendant-Appellant's Motion to Vacate Verdicts and Sentencings, and With Motion to Dismiss, When the Defendant-Appellant Finally and Long After Trial, Through No Fault of His Own, Became Aware of the State's Application for a Search Warrant, with a State Affidavit in Support Thereof, and With the State Search Warrant Itself, in an Unnumbered (and Thus Secret) Sealed Filing Which Could Not be Accessed or Otherwise Found by the Defense, and From Which the State Obtained Alleged Evidence Upon Which The Entire Indictment Against the Defendant-Appellant Was Based, Thereby Violating the Defendant-Appellant's Fundamental and Substantial Rights Under the Search and Seizure Warrant Requirements of the Fourth Amendment to the Constitution of the United States, and also Violating the Defendant's Fundamental and Substantial Rights as Guaranteed by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.**

**{¶5}** In his assignment of error, Stewart argues that the trial court erred by denying his motion to vacate without an evidentiary hearing. In particular, he argues that his conviction is void because the State failed to provide "to the defense as discovery for trial * * * the motion for [the] search warrant, the affidavit in support of the [search warrant], the receipt for [the] property itemization, and the search warrant itself." (Appellant's Brief at 2).

*Standard of Review*

{¶6} Because it raises a question of jurisdiction, we review de novo the denial of a motion to vacate a void judgment. *State v. Megarry*, 4th Dist. Adams No. 17CA1051, 2018-Ohio-4242, ¶ 9; *State v. Bigelow*, 6th Dist. Lucas No. L-17-1306, 2018-Ohio-3508, ¶ 12; *State v. Brown*, 11th Dist. Lake No. 2017-L-038, 2017-Ohio-7963, ¶ 8. *See also State v. Miles*, 3d Dist. Hancock No. 5-18-06, 2018-Ohio-3317, ¶ 8. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

*Analysis*

{¶7} "'Ohio's Criminal Rules and statutes provide for the direct review of criminal judgments through appeal, and collateral attacks through postconviction petitions, habeas corpus, and motions to vacate.'" *State v. Love*, 7th Dist. Mahoning No. 17 MA 0039, 2018-Ohio-1140, ¶ 17, quoting *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 44. Thus, "[t]he authority to vacate a void judgment is 'an inherent power possessed by Ohio courts.'" *Id.* at ¶ 18, quoting *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of syllabus, and citing *Lingo* at ¶ 48.

{¶8} A judgment rendered by a court lacking subject-matter jurisdiction is void and issues of voidness can be raised at any time. *Id.* at ¶ 18-19; *Miles* at ¶ 8. "Furthermore, the doctrine of res judicata can be surmounted where a judgment is void for lack of subject matter jurisdiction." *Love* at ¶ 19, citing *Bank of Am., N.A.*

*v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 17, *State Wilson*, 73 Ohio St.3d 40, 44-45 (1995), fn. 6, and *State v. Perry*, 10 Ohio St.2d 175, 178-179 (1967).

**{¶9}** "However, a court faced with a motion filed after a conviction can proceed to analyze the motion under the postconviction relief statutes where the defendant's voidness argument fails." *Id.* at ¶ 21. "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10, citing *State v. Kinstle*, 3d Dist. Allen No. 1-12-32, 2013-Ohio-850, ¶ 10. The statute (in effect at the time Stewart filed his motion) sets forth the time requirements for filing a petition for post-conviction relief and provides, in its relevant part, "a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Importantly, a trial court lacks jurisdiction to entertain an untimely or successive petition for post-conviction relief unless the defendant demonstrates that one of the R.C. 2953.23(A) exceptions applies. *State v. Martin*, 10th Dist. Franklin No. 17AP-6, 2017-Ohio-5657, ¶ 9; R.C. 2953.23(A).

**{¶10}** A trial court may not entertain an untimely or successive post-conviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a).

If the petitioner can satisfy one of those two conditions, he must also demonstrate that but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). R.C. 2953.23(A)(2) allows a trial court to consider an untimely petition in certain cases involving DNA testing.

{¶11} "Absent jurisdiction to consider a petition for post-conviction relief, a trial court is not required to hold an evidentiary hearing." *State v. Wesson*, 9th Dist. Summit No. 28412, 2018-Ohio-834, ¶ 23, citing *State v. Price*, 9th Dist. Wayne No. 03CA0046, 2004-Ohio-961, ¶ 10.

{¶12} "'[T]he question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24, quoting *State v. Kane*, 10th Dist. Franklin No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶13} Here, Stewart does not allege an issue which would render his conviction void. *See State v. Jones*, 10th Dist. Franklin No. 20AP-300, 2020-Ohio-5525, ¶ 14. Specifically, Stewart alleges that the State neglected to provide him with a second search warrant, search-warrant affidavit, and itemization of the property seized as a result of that search warrant, which was executed at 112½ East North Street in Fostoria, Ohio in 2006. Nevertheless, Stewart's argument regarding that search warrant did not deprive the trial court of subject matter jurisdiction to issue the conviction and sentence in his case. In other words, arguments challenging

discovery matters, and relating to a search warrant, cannot surmount the doctrine of res judicata. *See State v. King*, 5th Dist. Muskingum No. CT2006-0021, 2007-Ohio-2810, ¶ 21; *State v. Holder*, 11th Dist. Geauga No. 2002-G-2469, 2003-Ohio-5860, ¶ 18.

{¶14} Because Stewart does not allege any error that would render his conviction void, the trial court properly denied Stewart's motion to vacate without an evidentiary hearing as untimely and as barred by the doctrine of res judicata. Indeed, Stewart's petition was filed well beyond the statutory window set forth in R.C. 2953.21(A)(2). Accordingly, Stewart was required to establish that his petition falls within one of the exceptions specified in R.C. 2953.23(A), which he failed to do. Indeed, Stewart was not unavoidably prevented from discovering any of the issues related to the search warrant. *See State v. West*, 8th Dist. Cuyahoga No. 100226, 2014-Ohio-1626, ¶ 7. Moreover, Stewart did not allege that the United States Supreme Court recognized a new federal or state right which would retroactively apply to his situation or that he is challenging DNA testing. Thus, the trial court was without jurisdiction to consider Stewart's untimely and successive petition for postconviction relief. *Apanovitch* at ¶ 41; *Wesson*, 2018-Ohio-834, at ¶ 23.

{¶15} Consequently, Stewart's argument is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in

any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. *See also State v. James*, 3d Dist. Hancock No. 5-19-30, 2020-Ohio-720, ¶ 17. Stewart could have and should have presented his argument regarding the search warrant before the trial court or on direct appeal; however, he failed to do so. *See Stewart*, 2009-Ohio-3411. Thus, Stewart is barred by the doctrine of res judicata from raising this issue in a subsequent proceeding. *See James* at ¶ 17.

{¶16} Stewart's assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, J., concurs.**

**MILLER, J., concurs in Judgment Only.**

**/jlr**