[Cite as *State v. Baker*, 2024-Ohio-4448.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

WILLIAM BAKER,

    DEFENDANT-APPELLANT.

CASE NO. 1-23-59

O P I N I O N

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR 2017 0118**

**Judgment Affirmed**

**Date of Decision:  September 9, 2024**

---

**APPEARANCES:**

    *William H. Baker,* **Appellant**

    *John R. Willamowski, Jr.,* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, William Baker ("Baker"), appeals the August 15, 2023 judgment entry of the Allen County Court of Common Pleas denying his petition for post-conviction relief. For the reasons set forth below, we affirm.

{¶2} On May 11, 2017, the Allen County Grand Jury indicted Baker on Count One of rape in violation of R.C. 2907.02(A)(2), (B), a first-degree felony; Count Two of sexual battery in violation of R.C. 2907.03(A)(5), (B), a third-degree felony; Count Three of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), (B)(3), a third-degree felony; Count Four of rape in violation of R.C. 2907.02(A)(2), (B), a first-degree felony; Count Five of sexual battery in violation of R.C. 2907.03(A)(5), (B), a third-degree felony; Count Six of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), (B)(3), a third-degree felony; Count Seven of gross sexual imposition in violation of R.C. 2907.05(A)(1), (C)(1), a fourth-degree felony; and Count Eight of gross sexual imposition in violation of R.C. 2907.05(A)(1), (C)(1), a fourth-degree felony. On May 19, 2017, Baker appeared for arraignment and entered pleas of not guilty.

{¶3} The case proceeded to jury trial on October 17-19, 2017. On October 19, 2017, the jury found Baker guilty of all counts of the indictment.

{¶4} On December 18, 2017, the trial court sentenced Baker to nine years in prison on Counts One and Four, respectively, and to 12 months in prison on Counts

Seven and Eight, respectively. For purposes of sentencing, the trial court merged Counts One, Two, and Three, and also merged Counts Four, Five, and Six. The prison terms imposed as to Counts One, Four, Seven, and Eight were ordered to be served consecutively for an aggregate sentence of 20 years.

{¶5} On December 22, 2017, Baker appealed the trial court's judgment of conviction.[1] *State v. Baker,* 2018-Ohio-3431, ¶ 4 (3d Dist.). In that direct appeal, we affirmed the judgment of the trial court. *Baker* at ¶ 23.

{¶6} On August 4, 2023, Baker filed a petition for post-conviction relief under R.C. 2953.21. On August 15, 2023, the trial court denied Baker's petition as being untimely and found that it was without jurisdiction to hear the petition. The trial court further found that, even if timely, the claims raised in the petition were barred by res judicata and that an ineffective-assistance-of-appellate-counsel claim is not cognizable under R.C. 2953.21.

{¶7} On September 8, 2023, Baker filed his notice of appeal and raises three assignments of error for our review. We will address the assignments of error together.

#### First Assignment of Error

**The judge misconstrued the issue of Ineffective Assistance of Counsel (IAC) in the Appellant's August 2023 Petition to Vacate or set Aside Sentence. The judge sought to argue IAC of Appella[te] Counsel instead of the actual issue of IAC of trial counsel. The petition presented was for trial counsel. Trial**

---

[1] In Baker's direct appeal, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here.

**Counsel violated Appellant's Sixth and Fourteenth Amendment rights under the United States Constitution and Article I § 10 of the Ohio Constitution.**

**Second Assignment of Error**

**Because the trial court failed to address this issue of Prosecutorial Misconduct in the Appellant's August 2023 Petition to Vacate or Set Aside Sentence, the judge['s] abuse of discretion and abuse of process connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, and/or unconscionable.  This violated Appellant's right to Due Process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.**

**Third Assignment of Error**

**Because the trial court failed to address this issue of "Actual Innocence"/Miscarriage of Justice in the Appellant's August 2023 Petition to Vacate or Set Aside Sentence, the judge['s] abuse of discretion and abuse of process connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, and/or unconscionable.  This violated Appellant's right to Due Process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.**

{¶8} In his first assignment of error, Baker argues that the trial court erred by denying his petition because it misconstrued his ineffective-assistance-of-trial-counsel claim.  In his second assignment of error, Baker argues that the trial court erred by denying his petition because it failed to address his prosecutorial-misconduct claim.  In his third assignment of error, Baker argues that the trial court erred by denying his petition because it failed to address his "actual innocence" and miscarriage-of-justice claim.  In particular, Baker argues that many "constitutional

errors" took place at trial such that, but for these errors, "no reasonable juror would have found him guilty." (Appellant's Brief at 22).

*Standard of Review*

**{¶9}** Typically, we review a trial court's decision granting or denying a petition for post-conviction relief for an abuse of discretion. *State v. Gondor,* 2006-Ohio-6679, ¶ 58. However, whether a trial court possesses subject-matter jurisdiction to entertain an untimely petition for post-conviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

**{¶10}** "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A trial court lacks jurisdiction over an untimely petition for post-conviction relief unless the petition satisfies the criteria set forth under R.C. 2953.23(A). *Apanovitch* at ¶ 36.

*Analysis*

**{¶11}** R.C. 2953.21 governs petitions for post-conviction relief. The version of R.C. 2953.21 in effect at the time of Baker's judgment of conviction mandates that a petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2) (2017) (current version at R.C. 2953.21(A)(2)(a) (2021)). Importantly, a trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless the

petitioner demonstrates that one of the R.C. 2953.23(A) exceptions applies. *Apanovitch* at ¶ 36 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition.").

{¶12} The first exception to considering an untimely petition for post-conviction relief is set forth at R.C. 2953.23(A)(1). Specifically, the petitioner must show either that he was unavoidably prevented from discovering the facts necessary to present his claim for relief, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner is able to show that one of these threshold conditions applies, then he must further show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty." R.C. 2953.23(A)(1)(b).

{¶13} The second exception to considering an untimely petition for post-conviction relief is set forth at R.C. 2953.23(A)(2). In particular, this exception applies to offenders for whom DNA testing was performed under specific statutes "and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense." R.C. 2953.23(A)(2).

{¶14} In this case, Baker was required to file his petition for post-conviction relief no later than 365 days after the date the trial transcripts were filed in his direct appeal. The trial transcripts in Baker's direct appeal were filed on April 2, 2018.

However, Baker did not file his petition for post-conviction relief until August 4, 2023—many years after the 365-day deadline. Thus, Baker's petition for post-conviction relief is untimely.

**{¶15}** Because Baker's petition for post-conviction relief is untimely, he must establish that he is entitled to file a delayed petition under one of the exceptions in R.C. 2953.23(A). Here, Baker does not argue that the United States Supreme Court has recognized a new federal or state right which would retroactively apply to his situation. Instead, Baker argues that he has been unavoidably prevented from discovering facts necessary to assert his claims for relief. Specifically, Baker argues that his trial counsel was ineffective for failing to attack the victim's credibility with inconsistent statements. Baker further argues that his appellate counsel was ineffective for failing to communicate with him during the direct appeal.

**{¶16}** A review of Baker's petition shows that the facts underlying his inconsistent-statements argument were available to Baker at the time of trial. *See State v. Settles*, 2017-Ohio-8353, ¶ 18 (3d Dist.) (noting that a petitioner is "unavoidably prevented" from discovering necessary facts when the petitioner was unaware of those facts and was unable to learn of them through reasonable diligence). Further, Baker does not allege that he was unaware of those facts or unable to learn of them through reasonable diligence. Because those facts were available to Baker at the time of trial, he could have raised this issue as part of his

ineffective-assistance-of-trial-counsel argument in his direct appeal, but he did not. *See Baker*, 2018-Ohio-3431, at ¶ 18-22 (3d Dist.).

**{¶17}** Moreover, Baker's claim of ineffective-assistance-of-appellate-counsel is not cognizable in post-conviction proceedings under R.C. 2953.21. *State v. Murnahan*, 63 Ohio St.3d 60, 65 (1992) ("[W]e hold that claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21."). Therefore, Baker has failed to satisfy the threshold conditions of R.C. 2953.23(A)(1).

**{¶18}** As to the exception set forth in R.C. 2953.23(A)(2), Baker has failed to point to any evidence where DNA testing was performed under specific statutes and the results of the DNA testing "establish, by clear and convincing evidence," Baker's "actual innocence." *See Apanovitch,* 2018-Ohio-4744, at ¶ 29 (holding that R.C. 2953.23(A)(2) confers jurisdiction only over a select class of offenders who applied for DNA testing under R.C. 2953.71 to 2953.81 or under former R.C. 2953.82).

**{¶19}** Accordingly, because Baker has failed to establish that he is entitled to file a delayed petition for post-conviction relief under one of the exceptions in R.C. 2953.23(A), the trial court was without jurisdiction to consider Baker's untimely petition for post-conviction relief. *See State v. Lee*, 2018-Ohio-3715, ¶ 13 (3d Dist.) (concluding that the trial court lacked jurisdiction to consider an untimely petition for post-conviction relief).

{¶20} Furthermore, even if Baker's petition for post-conviction relief was timely filed, his arguments concerning prosecutorial misconduct and ineffective assistance of trial counsel are barred by the doctrine of res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in the judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. *See also State v. Stewart*, 2021-Ohio-2294, ¶ 15 (3d Dist.). Here, Baker could have raised these arguments in his direct appeal, but he failed to do so. *See Baker*, 2018-Ohio-3431 (3d Dist.). Thus, Baker is barred by the doctrine of res judicata from raising these issues in a petition for post-conviction relief. *See Stewart* at ¶ 15.

{¶21} Baker's assignments of error are overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and BALDWIN, J.J., concur.**

**\*\*Judge Craig R. Baldwin of the Fifth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**